UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | | | |
|---|---|---|---|---|
| EAGLE AIR TRANSPORT, INC. | ) | | | |
| | ) | | | |
| | ) | VS. | 14 CV 2604 | |
| NATIONAL AEROTECH AVIATION | ) | | Plaintiff Demands | |
| DELAWARE, INC. and | ) | | Trial by Jury | |
| KEVIN WILLIAMS, individually and as general | ) | | | |
| manager and sole officer of National Aerotech | ) | | | |
| Aviation Delaware, Inc. | ) | | | |

## AMENDED COMPLAINT AT LAW

Now comes EAGLE AIR TRANSPORT, INC. by and through its attorneys, Fred

M. Morelli Jr. and Heidi Emmett, and state as follows:

### STATEMENT OF FACTS

Eagle Air Transport, Inc. (hereinafter "Eagle Air") owns the aircraft that is the

subject of this Complaint.    Eagle Air has been in the business of leasing their aircraft

since the 1990's.  Eagle Air's fleet of aircraft has grown from 2 aircraft to 6 aircraft over

the past 20 years.  Plaintiff's aircraft fly 12 months each year nationwide with their

primary use being parachute operations.  On an average year the fleet of aircraft fly in

excess of 8,000 flights of parachute operations.  This demand required an additional

aircraft  be added to Plaintiff's fleet.   Whenever an aircraft is leased to a facility that

aircraft is flown by one of Eagle Air's contracted pilots.

Defendant National Aerotech Delaware Inc. is a Federal Aviation Administration

(hereinafter "FAA") approved Part 145 Certified Repair Station, which is governed by 14

CFR 145. The FAA requires that Part 145 Certified Repair Stations comply with certain

programs, systems and methods, which includes but is not limited to 14 CFR Section

145.213(b) which requires that maintenance, preventive maintenance or alterations be performed in such a manner that the aircraft be airworthy and in compliance with FAA rules and regulations in regards to the maintenance, preventive maintenance, or alterations performed. Kevin Williams was and is the owner, sole officer, sole director, manager and alter ego of National Aerotech Aviation Delaware, Inc.

The Defendants, early in 2013 advertised to sell a refurbished Twin Otter Aircraft that Defendants would completely rebuild to an airworthy condition and be in compliance with all applicable FAA rules and regulations. Defendants advertised that Defendants would supply all parts, perform all service and maintenance to the aircraft. At the end of April, beginning of May 2013, Plaintiff along with one of its aircraft mechanics went to the State of Georgia to look at Defendants' facility and meet Defendants' staff. While at Defendants' facility Plaintiff saw the shell of the aircraft that Defendants were advertising and representing would be rebuilt with new or overhauled parts. Plaintiff wanted to work with a Certified Part 145 repair and maintenance facility to guarantee an airworthy quality aircraft. Thereafter, the Plaintiff agreed to purchase the aircraft once it was rebuilt. See Exhibit A Aircraft Purchase and Sale Agreement hereinafter "Agreement". The Agreement included a warranty for "600 hours or 6 months, which ever was later". Shortly after delivery of the aircraft, problems with parts supplied by Defendants and labor performed by Defendants or Defendants' employees or agents began to surface. These problems were called to Defendants attention as they arose. Defendants initially agreed to honor the warranty. Due to the nature and severity of the problems Plaintiff had the entire aircraft inspected. The inspection revealed problems of such severity and nature as to render the aircraft not only technically not airworthy but also actually dangerous.

2

Upon being advised of the extent of the deficiencies in the aircraft Defendant National Aerotech Aviation Delaware Inc. through its alter ego, Kevin Williams attempted to repudiate the warranty and refused to perform further work or services on the aircraft. Plaintiff has been required to and is still required to expend large sums of money to address such problems and to put and keep the aircraft in a safe and airworthy condition.

## JURISDICTION

This Court has subject matter jurisdiction under Diversity Jurisdiction pursuant to 28 U.S.C. 1332 wherein "the amount in controversy exceeds $75,000 and no Plaintiff shares a state of citizenship with any defendant." For its complaint against National Aerotech Aviation Delaware Inc. and Kevin Williams the Plaintiff states as follows:

1. The Plaintiff, Eagle Air Transport, Inc. is incorporated in the State of Illinois and has its principal place of business at 3215 E. 1969th Road, Ottawa, LaSalle County, Illinois.

2. The Defendant National Aerotech Aviation Delaware, Inc. is incorporated in the State of Delaware and has its principal place of business at 130 Selfridge Road, Building 26, Hampton, Georgia.

3. The Defendant Kevin Williams is domiciled at 111 Hickory Trail, Stockbridge, Georgia. Kevin Williams is a citizen of Georgia.

4. The Plaintiff is claiming damages in the amount of $520,000.00

3

Federal jurisdiction is appropriate based on 28 U.S.C. 1332 diversity jurisdiction because no Plaintiff shares a state of citizenship with any Defendant and the amount in controversy exceeds $75,000.

## COUNT I
## BREACH OF CONTRACT

1. The above-mentioned aircraft, a 1968 De Havilland, DHC-6-200, Serial Number 139 was offered to Plaintiff by Defendant at a purchase price of $1,600,000.00.

2. On or about May 8, 2013, in the City of Ottawa, LaSalle County, Illinois, Plaintiff and Defendant entered into a contract for Plaintiff to purchase the 1968 De Havilland DHC-6-200, Serial Number 139 for the purchase price of $1,600,000.00. The transaction was to be completed on or about July 22, 2013. Defendant e-mailed the Agreement to Plaintiff in Ottawa , LaSalle County, Illinois.  Plaintiff signed the Agreement in LaSalle County, Illinois and faxed a copy of the signed Agreement to Defendant's office in Atlanta. See Exhibit A.

3. On or about August 28, 2013 the aircraft was picked up by Plaintiff in Atlanta.  Through no fault of the plaintiff, delivery was over a month late causing Plaintiff to loose revenue. In addition the aircraft was in need of a paint job. For the above reasons the price was reduced to $1,485,000.00. The $100,000.00 reduction was for loss of use. The $15,000.00 reduction was for painting the aircraft. See Exhibit B Addendum One to Aircraft Purchasing Agreement.

4. Plaintiff has performed all required of it under the contract by paying the purchase price of $1,485,000.00 in full.

5. Defendants failed to fulfill the contract in that Defendants' failed to deliver an "airworthy" (see Section 3.3 of Exhibit A) aircraft. The aircraft, as delivered was not

4

and is not in compliance with FAA regulations and has been grounded on several occasions due to poor workmanship and other problems created or not resolved by Defendants'. Plaintiff has been required to address problems with the aircraft as they were discovered and was required to and remains required to spend large sums of money to do so.

6.     Plaintiff has been damaged by reason of Defendants breach for losses including but not limited to paying a mechanic to repair the aircraft to bring it back to an airworthy condition, loss of revenue, travel and other related expenses. These damages are expected to exceed $520,000.00.

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against both Defendants for a sum of $520.000.00 for actual damages, direct damages, incidental damages, consequential damages, compensatory damages, plus costs of this action, and for such other or further relief as this Court deems just.

## COUNT II
## BREACH OF WARRANTY

810 ILCS 5/ Uniform Commercial Code governs this breach of warranty claim, because it deals with the sale of goods. Transaction in goods is defined as "all things, including specially manufactured goods, which are movable at the time of identification to the contract…" 810 ILCS 5/2-102. An aircraft is a tangible moveable thing therefore this section applies.

Pursuant to 810 ILCS 5/2-313 " BREACH OF WARRANTY " states that express warranties are created as follows:

(a) any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinions or commendation of the goods does not create a warranty.

1.    On August 28, 2013, Plaintiff picked up the subject aircraft in Hampton,

Georgia, and the balance of the $1,485,000.00 purchase price was wire transferred from

Plaintiff's bank in Illinois to Defendant.

2.    As part of the consideration for Plaintiff's purchase of the aircraft, the

aircraft was expressly warrantied for 600 hours of engine time or six months, whichever

shall occur last. ( Section 4. Of the contract ) was given as follows:

Section 3.3 of the Agreement states as follows "Save as expressly provided in this Agreement, the Aircraft is sold to the following specifications: airworthy condition; all airworthy directives are complied with….".

Section 4.2 of the Agreement states as follows "the Seller warrants that all Services shall be free from defects in workmanship. This warranty shall expire after the Aircraft, engines or components have been operated for 600 flight hours after the completion of Services or at the expiration of six (6) months after the Closing Date, whichever shall occur last."

3.    On or about March 12, 2014 Defendant Kevin Williams e-mailed Plaintiff

stating that Defendants had stopped all warranty work on the aircraft. At that time there

remained  approximately 448 hours on the warranty and 6 months had not passed.

6

4.      Plaintiff relied on the representations made by defendant, the contract, Defendants presenting itself as being a FAA 145 certified repair facility in purchasing and that Defendants had warranted any defective parts or services on the aircraft for 6 months or 600 hours whichever came last.

5.      After a thorough inspection by a third party mechanic on or about April 1, 2014 Plaintiff discovered the aircraft was not as warrantied to Defendants' specifications rendering the aircraft not airworthy.

6.      Pursuant to 810 ILCS 5/2-607(3) defendant was put on notice of these defects on several occasions. See Exhibit C list of defective parts and services along with dates Defendant was put on notice.

7.      As a result of Defendants' breach of warranty, Plaintiff suffered an economic loss of revenue as the aircraft has been grounded on several occasions and Plaintiff has had to pay out of pocket for the aircraft to be repaired and brought to a condition of airworthiness so it can be safely used in Plaintiff's business.

8.      Plaintiff has been damaged by reason of the breach for losses including but not limited to loss of revenue, costs to repair the aircraft and bring it to an airworthy condition, loss of 448 remaining hours on the warranty, loss of the value of the remaining 448 hours on the warranty and other related expenses.

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against both Defendants for a sum of $520,000.00 for actual damages, direct damages, incidental damages, consequential damages, compensatory damages, plus costs of this action, and for such other or further relief as this Court deems just.

7

## COUNT III
## CONSUMER FRAUD AND DECEPTIVE PRACTICES ACT

Plaintiff incorporates all paragraphs of Count I and Count II, of this complaint as

though fully set forth herein and adds the following:

Pursuant to 815 ILCS 505/2: et sec

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

1.     Defendants made false pretenses, false statements and false promises about

Defendants willingness and ability to provide an "airworthy" aircraft in compliance with

all applicable FAA rules and regulations.

2.     The aircraft, as delivered was not and is not in compliance with FAA

regulations and has been grounded on several occasions due to poor workmanship,

defective parts and other problems created or not resolved by defendants including but

not limited to the fact that serial numbers of parts on the aircraft did  not comply with

serial numbers in the aircraft log books.

3.     Plaintiff put Defendants on notice of such defects.  See Exhibit C.

4.     Plaintiff relied on the representations made by defendants, the contract,

and defendant being a FAA 145 certified repair facility in purchasing and paying for the

aircraft and that Defendants had warrantied any defective parts or services on the aircraft

for 6 months or 600 hours whichever came last. There remains 435 hours on the

warranty.

8

5.     Defendants' acts and practice raises the consumer protection concerns the act was intended to address, because Defendant inability to deliver an "airworthy" aircraft puts Plaintiff's employees, contractors and customers in danger along with other consumers purchasing an aircraft from Defendant or hiring Defendant's mechanics.

6.     The Defendants intended that Plaintiff rely on the deception, because they used their expertise and certification as an FAA certified 145 repair station to make Plaintiff believe they could and would deliver an "airworthy" aircraft.

7.     Plaintiff alleges a nexus between the complained-of conduct and consumer protection concerns from the inherent dangers in flying an aircraft.

8.     The requested relief would serve the interests of consumers by putting other consumers on notice.

9.     Plaintiff has requested Defendants take such steps and actions as necessary to bring themselves into compliance with the contract but Defendants, through Kevin Williams, have refused.

10.     Plaintiff has been required to expend time, money and attorneys fees in prosecuting this cause of action.

11.     Plaintiff has been damaged by reason of Defendants violation of the Illinois Consumer Fraud Act. Plaintiff has suffered losses in the amount of $520,000.00 including but not limited to loss in revenue, costs to repair the aircraft and bring it to an airworthy condition, 448 remaining hours on the warranty, attorneys fees, travel and other related expenses.

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against BOTH Defendants in the amount of $520,000.00 for actual damages, direct damages, incidental damages, consequential damages, compensatory damages, attorneys fees plus costs of this action, and for such other or further relief as this Court deems just.

## COUNT IV

For its complaint against KEVIN WILLIAMS personally, plaintiff incorporates all paragraphs of Count I, Count II and Count III of this complaint as though fully set forth herein and adds the following:

1.   On information and belief plaintiff states that at all times relevant hereto KEVIN WILLIAMS was and is the sole and only shareholder, director and officer of the entity known as NATIONAL AEROTECH AVIATION DELAWARE, INC.

2.   At all times relevant hereto KEVIN WILLIAMS was and is the general manager of Defendant NATIONAL AEROTECH AVIATION DELAWARE INC. and as such was and is personally and solely responsible for the day to day operations and decisions of NATIONAL AEROTECH AVIATION DELAWARE, INC. including decisions made in relation to the subject aircraft and the contract between Plaintiff and Defendant relative to said aircraft. Kevin Williams personally made the decision to attempt to repudiate the warranty and to cease work on the aircraft.

3.   At all time relevant hereto KEVIN WILLIAMS was and is the alter ego of NATIONAL AEROTECH AVIATION DELAWARE, INC. and as such does not enjoy the protections of the corporate veil.

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendant Kevin Williams personally for a sum of $520,000.00 for actual damages, direct damages, incidental damages, consequential damages, compensatory damages plus attorneys fees, costs of this action, and for such other or further relief as this Court deems just.

Dated: May 1, 2014

Firm Name:
Fred Morelli
Law Offices of Morelli & Raval
P.O. Box 1416
Aurora, IL 60507-1416
(630) 892-6665
ARDC No. 1957139

Heidi Emmett
Emmett Law
3215 E. 1969th Road, Suite 7
Ottawa, IL 61350
(815) 993-0529
ARDC No. 6310843

11